UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMA C. RODRIGUEZ, ET AL.,<br><br>            Plaintiffs,<br><br>     v.<br><br>SERVICE EMPLOYEES INTERNATIONAL, ET AL.,<br><br>            Defendants.<br>_____/ | No. C-10-01377 JCS<br><br>**ORDER DENYING MOTION FOR SANCTIONS [Docket No. 29]** |

## I.   INTRODUCTION

Defendant Service Employees International Union Local 87 ("Local 87") and several individual officers of the Local 87 who are also named as defendants bring a Motion for Sanctions ("the Motion" or "Sanctions Motion") against Plaintiffs, asserting that Rule 11 sanctions should be imposed on Plaintiffs because they asserted baseless claims in their complaint. The Court finds that the motion is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is DENIED without prejudice. The motion hearing set for **September 10, 2010 is vacated**. **The Case Management Conference set for the same day shall remain on calendar**.

## II.   BACKGROUND

Plaintiffs are members of Local 87. In their original complaint, filed April 1, 2010, they asserted claims under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401 *et seq.*, against Local 87, several individual officers of Local 87 and the Service Employees International Union ("the International Union"). The International Union filed a motion to dismiss [docket no. 23], which was withdrawn after Plaintiffs voluntarily dismissed their claims against it.

1  The Local 87 and individual officers also filed a motion to dismiss [docket no. 22], as well as the
2  instant motion.
3     On August 16, 2010, Plaintiffs filed a First Amended Complaint. In response, the Local 87
4  and individual officers withdrew their motion to dismiss. They did not, however, withdraw the
5  Sanctions Motion, arguing in their reply brief that the First Amended Complaint, like the original
6  complaint, asserts baseless claims against them. Plaintiffs assert that their claims are not baseless
7  and that in any event, a Rule 11 motion is premature.

## III.   ANALYSIS

Rule 11 of the Federal Rules of Civil Procedure provides, in part, that "[b]y presenting to the court a pleading, written motion, or other paper . . .an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (1) it is not being presented for any improper purpose . . . ; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Where a court finds that the rule has been violated, it may impose an "appropriate sanction." Fed.R. Civ. P. 11(c).

On the question of timing, the 1983 Advisory Committee Notes to Rule 11 state as follows:

> The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter.

1983 Adv. Comm. Note, Fed. R. Civ. P. 11; *see also* 1993 Adv. Comm. Note, Fed. R. Civ. P. 11 ("The revision leaves for resolution on a case-by-case basis, considering the particular circumstances involved, the question as to when a motion for violation of Rule 11 should be served and when, if filed, it should be decided."); *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997) (noting that under 1993 amendments to Rule 11, "[o]nce a motion is properly filed with the

court, the drafters prudently permit the court to defer ruling on the sanctions motion until after the final resolution of the case.").

Here, Plaintiffs have filed an amended complaint. Defendants have not filed a motion to dismiss the amended complaint. Therefore, a determination as to whether Plaintiffs' claims are so legally or factually baseless as to warrant the imposition of sanctions is premature. *See Wingle v. U.S.*, 2005 WL 26041845 * 5 (E.D. Cal., Oct. 13, 2005) (denying request for Rule 11 sanctions based on original claims that were allegedly frivolous where the plaintiff had filed an amended complaint and the defendant had not brought a motion to dismiss the amended complaint).

**IV. CONCLUSION**

For the reasons stated above, the Motion is DENIED without prejudice.

IT IS SO ORDERED.

Dated: September 1, 2010

JOSEPH C. SPERO
United States Magistrate Judge