United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMA C. RODRIGUEZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> SERVICE EMPLOYEES INTERNATIONAL, ET AL., <br><br> Defendants. <br>_____/ | No. C-10-01377 JCS <br><br> **ORDER GRANTING MOTION BY PLAINTIFFS FOR VOLUNTARY DISMISSAL AND DENYING DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11(c), 28 U.S.C. §1927, COURT'S INHERENT POWER  [Docket No. 78, 80]** |

## I. INTRODUCTION

Plaintiffs in this action are union members who asserted claims under the Labor Management Relations Disclosure Act ("LMRDA") based on alleged impropriety by Defendant Service Employees International Union Local 87 ("Local 87") and several individual officers of the Local 87 in connection with ratification of a collective bargaining agreement. The parties consented to the jurisdiction of a magistrate judge, pursuant to 28 U.S.C. § 636(c). After some of Plaintiffs' claims survived a motion to dismiss and some discovery had occurred, Plaintiffs decided that they did not want to go forward with the lawsuit. According to their counsel, Arlo Uriarte, Plaintiffs could no longer afford to prosecute the action and were not willing to risk the possibility that they might be held liable for Defendants' attorneys' fees and/or costs if they did not prevail at trial. Accordingly, Plaintiffs bring a motion seeking dismissal of the action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure ("the Motion for Voluntary Dismiss"). Defendants do not oppose the dismissal of the action but argue that the dismissal should be with prejudice and that they are entitled to an award of costs. In addition, Defendants bring a sanctions motion seeking an award of

attorneys' fees under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 and the Court's inherent power ("Motion for Sanctions").

The Court finds that the Motions are suitable for determination without oral argument and therefore **vacates** the hearing scheduled for **October 21, 2011** at 9:30 a.m. For the reasons stated below, the Court GRANTS Plaintiff's Motion to for Voluntary Dismissal. The Court DENIES Defendants' Motion for Sanctions.

## II. BACKGROUND

### A. Motion for Dismissal[1]

In the Motion for Dismissal, Plaintiffs seek a voluntary dismissal of their claims pursuant to Rule 41(a)(2). According to Plaintiffs' counsel, Arlo Uriarte, the main reason Plaintiffs wish to dismiss the action is their concern that if they do not prevail they will be held responsible for Defendants' attorneys' fees and/or costs. Declaration of Arlo Uriarte in Support of Plaintiffs' Motion for Voluntary Dismissal ("Uriarte Motion Decl."); *see also* Amended Declaration of Mario Suarez ("Suarez Amended Decl.") (stating that he is on disability leave from his job as a janitor, where he earns an hourly wage of $18.25, and that has no real estate assets or savings); Declaration of Carolina Rodriguez ("Rodriguez Decl.") (stating that she is on disability leave from her job as a janitor, where she earns an hourly wage of $18.25, and that she has no assets or savings); Declaration of Elsa Acevedo ("Acevedo Decl.") (stating that she works as a janitor and earns an hourly wage of $18.75 and has no disposable income); Declaration of Olga Loaiza ("Loaiza Decl.") (stating that she was cleared to return from disability leave to her position as a janitor in May 2011 but that her supervisor and Olga Miranda have not allowed her to return to her former position and therefore she currently has no income).

Defendants do not oppose dismissal of the case but assert that the dismissal should be with prejudice and further, that they should be awarded their costs. According to Defendants, dismissal with prejudice is appropriate in this case because: 1) the case was "flimsy" from the outset; 2)

---

[1] A summary of Plaintiffs' claims and allegations can be found in the Court's November 23, 2010 Order granting in part and denying in part Defendants' motion to dismiss. *See* Docket No. 66.

2

Plaintiffs' request for dismissal came only after Defendants elicited testimony from the Plaintiffs that would have allowed Defendants to prevail on summary judgment; 3) Plaintiffs' conduct resulted in excessive delay and subjected Defendants to great expense.  With respect to their request for costs, Defendants assert that Rule 54(d) mandates an award of costs where, as here, plaintiffs dismiss an action at a point when the defendant likely would have prevailed.  To the extent that courts may decline to award costs under exceptional circumstances, Defendants assert, there are no such circumstances here.

In their Reply brief, Plaintiffs stipulate to dismissal of the action with prejudice but assert that where a dismissal under Rule 41(a)(2) is with prejudice an award of costs is not appropriate. Plaintiffs reject Defendants' assertion that their claims were baseless or that they necessarily would have lost on summary judgment.  Rather, they argue that they litigated in good faith to protect their rights as union members.

### B.      Motion for Sanctions

Defendants assert that sanctions, in the form of their attorneys' fees and costs, should be awarded against Plaintiffs and their attorney under Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 and the Court's inherent powers. Defendants assert that sanctions are warranted because: 1) Plaintiffs did  not have a factual or legal basis for their claims and did not withdraw or amend them after Defendants sent Plaintiffs a 21-day safe-harbor letter in May 2010 or after Defendants filed a motion for sanctions and a motion to dismiss; 2) Plaintiffs did not comply with discovery deadlines, including responses to interrogatories and requests for admissions, and delayed the litigation by failing to agree to scheduled deposition dates and cancelling some depositions at the last minute, causing Defendants to incur penalty charges from translators and court reporters in the amount of $1800; and 3) Plaintiffs' request for voluntary dismissal is motivated by an awareness that Plaintiffs are unlikely to prevail on their claims.  *See* Declaration of Peter Haberfeld in Support of Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(c), 28 U.S.C. § 1927, Court's Inherent Power ("Haberfeld Motion Decl."), ¶¶ 4-8.

3

Plaintiffs respond that sanctions should not be awarded because Plaintiffs' claims were not frivolous and were asserted in good faith, as is shown by declarations and testimony from union members during the union internal hearings that preceded this action as well as the fact that some of Plaintiffs' claims survived Defendants' motion to dismiss.  Plaintiffs further assert that Defendants' Motion for Sanctions was brought for an improper purpose, namely, to pressure the plaintiffs in another action (one of whom is also a plaintiff in this case) to dismiss that action.  *See* Declaration of Arlo Uriarte in Support of Plaintiffs' Reply Memorandum re Plaintiffs' Motion for Voluntary Dismissal ("Uriarte Reply Decl."), ¶ 6 (stating that on July 11, 2011, he received a letter from Defendants' counsel offering to waive all costs and fees in this action if the plaintiffs in *Gomez v. SEIU*, Case No. 10-1888 RS, U.S. District Court for the Northern District of California, dismissed that action).  Plaintiffs do not address Defendants' contention that Plaintiffs failed to comply with discovery deadlines; Mr. Uriarte does state in his declaration, however, that "[a]ny penalties incurred by Mr. Haberfeld regarding the translator is of his own making and choosing.  If such is the condition of his translator then it is suggested he find more reasonable translators."  Uriarte Reply Decl., ¶ 4.

### III. ANALYSIS

#### A. Whether Costs Should Be Awarded as a Condition of Dismissal

##### 1. Legal Standard

Federal Rule of Civil Procedure 41(a)(2) allows the court, at the plaintiff's request, to dismiss an action "on terms the court considers proper." Fed. R. Civ. P. 41(a)(2).  The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of that discretion.  *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980).  "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.2001) .  Although the Ninth Circuit has held that Rule 41(a)(2) does not provide an independent source of authority for imposing sanctions, *see Heckethorn v. Sunan Corp.,* 992 F.2d 240, 242 (9th Cir.1993), where there is an independent source of authority

4

for such an award, courts have discretion to award fees and/or costs as a condition of dismissal under Rule 41(a)(2) where the dismissal is *without prejudice*. *See Westlands Water Dist. v. United State*s, 100 F.3d 94, 96 (9th Cir.1996).

It is less clear whether an award of fees or costs is appropriate where a dismissal under Rule 41(a)(2) is *with prejudice*. In *Chavez v. Northland Group*, the court explained that this question has not been resolved in the Ninth Circuit:

> In *Heckethorn*, because the court held that Fed.R.Civ.P. 41(a) (2) does not provide an independent basis for sanctioning attorneys, it left open the issues of "whether a district court can impose conditions under Fed.R.Civ.P. 41(a)(2) when the dismissal is with prejudice. *Id.* at 242-43. Although it does not appear that the Ninth Circuit has resolved the issue, other federal courts have concluded that the payment of fees and costs ordinarily should not be imposed as a condition for voluntary dismissal with prejudice. *Burnette v. Godshall*, 828 F.Supp. 1439, 1443 (N.D.Cal.1993) ( "Since the ... cause of action has been dismissed with prejudice, costs and attorney fees cannot be awarded to Defendants because there is no future risk of litigation," but noting that sanctions could still be imposed under Fed.R.Civ.P. 11); see also *Gonzalez v. Proctor and Gamble Co.*, 2008 WL 612746 at * 3 (S.D.Cal.2008) ("A plaintiff faced with the imposition of attorneys' fees and costs as a condition of voluntary dismissal may request that the action be dismissed with prejudice to avoid payment."); *Steinert v. Winn Group, Inc*., 440 F.3d 1214, 1222 (10th Cir.2006) ("if the dismissal is with prejudice, attorney fees may be imposed under Rule 41(a)(2) only in 'exceptional circumstances.' "). However, these courts have held that, in the case of a voluntary dismissal with prejudice, costs and fees may be imposed under "exceptional circumstances" or pursuant to Fed.R.Civ.P. 11.

2011 WL 317482, at * 4 (D.Ariz., Feb. 1, 2011).

### 2. Application of the Law to the Facts

The Court finds that the approach described in *Chavez* is sound and therefore denies Defendants' request for costs as a condition of dismissal pursuant to Rule 41(a)(2) on the basis that Plaintiffs have stipulated to dismissal with prejudice and this case is not exceptional. Further, as discussed below, the Court concludes that Defendants are not entitled to sanctions under Rule 11.

**B. Whether the Court Should Award Sanctions**

### 1. Legal Standard

#### a. Rule 11

Rule 11 of the Federal Rules of Civil Procedure states, in relevant part, as follows:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or

5

unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11 further provides that the court may impose sanctions upon attorneys or parties "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated...." When evaluating whether sanctions should be imposed under Rule 11, courts conduct "a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (internal citation omitted). When imposing sanctions under Rule 11, the court is also obligated to describe the conduct determined to constitute a violation of the rule and explain the basis for the sanction imposed. Fed. R. Civ.P. 11(c)(6).

### b.    28 U.S.C. § 1927

A court may impose sanctions against an attorney under 28 U.S.C. § 1927, which provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "[T]he term 'vexatious' has been defined as 'lacking justification and intended to harass.'" *Terrebonne, Ltd. of California v. Murray*, 1 F.Supp.2d 1050, 1055 (E.D. Cal.,1998) (quoting *Overnite Transp. Co. v. Chicago Ind. Tire Co.*, 697 F.2d 789, 795 (7th Cir.1983)).

6

Sanctions may be imposed under § 1927 where there is a finding of bad faith or recklessness. *See Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010).

### c. Inherent Powers

A district court has the inherent power to impose sanctions on counsel who "willfully abuse[s] judicial processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766. The imposition of sanctions under the court's inherent power requires a finding that counsel's conduct "constituted or was tantamount to bad faith." *Id*. at 767. A court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991). Chambers, 501 U.S. at 43, 111 S.Ct. at 2132.

### 2. Application of the Law to the Facts

Having carefully reviewed the submissions of the parties, the Court declines to award sanctions against Plaintiffs. First, Plaintiff's claims were not obviously baseless at the outset of the action. To the contrary, the action survived Defendants' motion to dismiss as to at least some of Plaintiff's claims. Further, the testimony and evidence from the internal Union proceeding provided Plaintiffs' counsel with a sufficient factual basis for filing the action under Rule 11. Second, the Court does not find that Plaintiffs' counsel acted recklessly or in bad faith so as to warrant the imposition of sanctions under § 1927. Although the evidence in the record suggests that Plaintiffs' case may have been weak, it is not so obvious that Defendants' would have prevailed that the Court can conclude that Plaintiffs' counsel multiplied the proceedings in continuing to litigate the action beyond the motion to dismiss stage of the case. Nor does the Court find that counsel's failure to comply with discovery deadlines – or even counsel's failure to provide advance notice before canceling depositions – rose to the level of conduct that was intended to harass and thus vexatious. Similarly, the Court declines to impose sanctions under its inherent power because Defendants have not established that Plaintiffs or their counsel acted in bad faith.

7

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Dismissal is GRANTED.  Defendants' Motion for Sanctions is DENIED.  The action is dismissed with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, with the parties to bear their own fees and costs.

IT IS SO ORDERED.

Dated: October 12, 2011

JOSEPH C. SPERO
United States Magistrate Judge